IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50485
Summary Calendar
_____

SYNNACHIA McQUEEN,

                                        Plaintiff-Appellant,

versus

CAY CANNON, State Classification Member;
C.W. MANNING, Capt.; C. BASHAM,
Unit Classification Member; JAMES A. COLLINS,
DIRECTOR, TEXAS DEP'T OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JOHN DOE; JANE DOE,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-93-CV-408
- - - - - - - - - -
February 14, 1996

Before HIGGINBOTHAM, DUHE' and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Synnachia McQueen's motion for leave to proceed *in forma pauperis* (IFP) on appeal is DENIED.  McQueen's motion to disqualify the magistrate judge and district judge from presiding over his pending cases in the district court also is DENIED.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

McQueen contends that the district court erred by denying his motion for class certification; that the district court erred by denying his motion to file a third amended complaint; that the district court erred by granting summary judgment for the defendants and denying summary judgment for him; and that the district court erred by finding the defendants entitled to qualified immunity. We have reviewed the record of the district court and McQueen's appellate brief and we find no nonfrivolous issue on appeal.

Regarding McQueen's claim that he was denied due process when his review committees maintained him in administrative segregation, continued confinement in administrative segregation does not violate the Due Process Clause. *Pichardo v. Kinker*, ___ F.3d ___, slip op. at 1505-06 (5th Cir. Jan. 31, 1996, No. 95-40413). The effect of confinement on administrative segregation on parole opportunities does not implicate due process. *Luken v. Scott*, 71 F.2d 192, 193-94 (5th Cir. 1995). The district court did not have the benefit of the cases on which we now rely; we may rely on grounds on which the district court did not rely. McQueen's due process claim is frivolous. We find McQueen's appeal of summary judgment on McQueen's retaliation and racial discrimination claims frivolous for the reasons articulated by the district court.

Finally, McQueen has been warned that frivolous appeals may result in sanctions against him. Accordingly, McQueen is barred from filing any *pro se, in forma pauperis* civil appeal in this

court, or any *pro se, in forma pauperis* initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to McQueen, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED.  5TH CIR. R. 42.2.